FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROLANDO BALMORE MEJIA-MIRANDA,<br><br>               Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 10-70611<br><br>Agency No. A098-270-818<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Rolando Balmore Mejia-Miranda, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*, 512

F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the

BIA's determination of the governing statutes and regulations.  *Simeonov v.*

*Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence

factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

We deny the petition for review.

The record does not compel the conclusion that Mejia-Miranda established

extraordinary circumstances excusing his untimely filed asylum application.  *See*

8 C.F.R. § 1208.4(a)(5).  Accordingly, Mejia-Miranda's asylum claim fails.

Substantial evidence supports the agency's finding that Mejia-Miranda was

targeted as a young man in a particular neighborhood and targeted due to his

efforts to protect his sister from rape, but not targeted on account of a protected

ground.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).  We reject Mejia-

Miranda's claim of membership in a particular social group.  *See Santos-Lemus v.*

*Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a particular social

group "young men in El Salvador resisting gang violence"); *Ramos-Lopez v.*

*Holder*, 563 F.3d 855, 860-62 (9th Cir. 2009) (rejecting as a particular social group

"young Honduran men who have been recruited by gangs who refuse to join").

Moreover, Mejia-Miranda has not established that gang members targeted him on

account of his church affiliation, church activities, or political opinion. *See Elias-Zacarias*, 502 U.S. at 482-83 (persecution must be on account of victim's opinion, not persecutor's, and persecutor must be motivated to persecute victim because of that opinion). Finally, we reject Mejia-Miranda's contention that the BIA did not evaluate the evidence of his expert witness as he has not overcome the presumption that the BIA considered this evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Accordingly, we deny the petition as to Mejia-Miranda's withholding of removal claim.

**PETITION FOR REVIEW DENIED.**